IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RICHARD LEE MELLOR, Defendant. | No. CR08-0049 ORDER FOR EVALUATION |

On the 5th day of January 2009, this matter came on for hearing on the Motion for Competency Evaluation of Defendant under 18 U.S.C. § 4241 (docket number 59) filed by the Government on December 23, 2008. The Government was represented by Assistant United States Attorney Janet L. Petersen. Defendant Richard Lee Mellor appeared personally and was unrepresented by counsel. Also present was court-appointed standby counsel, Jane Kelly.

### *RELEVANT FACTS*

On August 26, 2008, Defendant was charged by Indictment (docket number 1) with filing a false income tax return. A Superseding Indictment was filed on October 22, 2008, charging Defendant with four additional counts of income tax evasion and one count of attempting to obstruct the administration of the Internal Revenue laws. Trial is scheduled before Chief Judge Linda R. Reade on January 20, 2009.

On December 23, 2008, the Government filed the instant motion requesting that Defendant be ordered to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(b) to determine his competency to stand trial and/or his competency to

1

represent himself at trial. In support of its motion, the Government cites the unusual pleadings filed by Defendant in this case.

On September 22, 2008, Defendant filed an 83-page single-spaced document (docket number 14), purportedly asserting admiralty law. Among other things, Defendant used the following signature block:

> RICHARD LEE MELLOR©™ by
> Richard Lee of the Mellor family
> Authorized Agent, UCC 3-402(b)(1)

*See* docket number 14 at 5.

Also on September 22, Defendant filed a document entitled "Truth Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claims Rules C(6)" (docket number 15). The document apparently asserts a copyright in Defendant's name and concludes:

> Executed without the UNITED STATES, I declare under
> penalty of perjury under the laws of the republic of Texas that
> the foregoing is true and correct.

*See* docket number 15 at 2.

On September 24, Defendant filed a demand for dismissal (docket number 18) claiming, among other things, that the United States of America is a "fictitious foreign state." Defendant believes that he is not subject to the Internal Revenue Code.

> All codes, rules and regulations are unconstitutional, lacking
> in due process. . . . Thus, Richard-Lee: Mellor is immune to
> all "Codes" and not subject to cause of action commenced and
> prosecuted under this "Code", by a "FICTITIOUS FOREIGN
> CORPORATION".

*See* docket number 18 at 2. Attached to the demand for dismissal is a document labeled by Defendant as a "Bill of Lading."

> To the "Public Vessel" (Clerk of Court) you are instructed to
> deliver the attached "Cargo" (Judicial Notice; Writ of Error
> Coram Nobis) to the "Public Vessel" (Judge) Jon Stuart Scoles
> in his "Admiralty Jurisdiction".

2

> Liability is established by the "Bills of Lading Act" against carriers that misplace of mis-deliver our "Cargo" (paperwork). 46 USC 781.

*See* docket number 18-3.

On October 15, Defendant filed a "Notice of Recission" (docket number 26), "rescind[ing] his signature on all documents that purport to create an agreement" with the Court.

On December 5, Defendant filed a "Petition for Post Settlement and Closure of the Account Under Public Policy" (docket number 54) which includes a "Negative Averment Admissions By Plaintiff." On December 12, Chief Judge Linda R. Reade entered an Order (docket number 57) denying Defendant's "Motion for Post Settlement and Closure of the Account," finding it "incoherent, nonsensical, wholly without merit and/or frivolous." On December 19, however, Defendant filed the same document again, simply entitling it a "Second Notice for Post Settlement and Closure of the Account Under Public Policy." (*See* docket numbers 60-2 at 4-8, and 61-2 at 4-8.)

On the morning of the competency hearing, Defendant filed a "Notice of Trustee Appointment, Power of Attorney and Trust Stipulation Under Public Policy in Support of Post Settlement and Closure" (docket number 65), which purports to contain admissions by the Court.

Prior to the hearing, Defendant retained Dr. Barry Wayne Frieder of Denver, Colorado, to conduct a psychiatric evaluation. Dr. Frieder testified at the hearing and his report was introduced as Defendant's Exhibit A. While Dr. Frieder apparently did not administer any psychiatric or psychological tests, he personally interviewed Defendant for "approximately 12 hours" and reviewed various documents, including those set forth above. Dr. Frieder testified that Defendant does not suffer from any mental defect and is competent to stand trial and represent himself at the time of trial.

According to Dr. Frieder's report, Defendant is 53 years old and lives with his wife of 30 years. Defendant has three adult children. Defendant has a bachelors degree in physical education and has "nearly completed" a masters degree in exercise physiology.

Defendant is apparently self-employed, although the report is silent regarding the nature of his business. Defendant has no prior criminal record and no history of drug or alcohol abuse. Defendant denied that he has ever been diagnosed with or treated for a mental illness. At the time of hearing, Defendant also offered five affidavits (without objection), attesting to his intelligence, integrity, and work ethic.

## *DISCUSSION*

At any time during the pendency of an action, the government may file a motion for a hearing to determine the mental competency of the defendant. 18 U.S.C. § 4241(a). The Court must grant the motion for a hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Prior to the hearing, the Court may order that a psychiatric or psychological examination of the defendant be conducted. 18 U.S.C. § 4241(b). For purposes of such an examination, the Court may commit the person to be examined for a reasonable period, but not to exceed 30 days. 18 U.S.C. § 4247(b).

It should be recalled that the purpose of the instant hearing was not to determine Defendant's competency to stand trial, nor was it to determine whether Defendant is competent to represent himself at trial. *See Indiana v. Edwards*, ___ U.S. ___, 128 S. Ct. 2379 (2008). Rather, the issue before the Court is whether Defendant should be required to undergo a psychiatric or psychological examination prior to a possible competency hearing.

The Government concedes that except for his filings with the Court, there is no evidence to suggest that Defendant is suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of this proceeding or to assist in his defense. Defendant is a seemingly successful businessman and family man,

4

with no prior history of mental illness. Nonetheless, Defendant's filings with the Court demonstrate a persistent failure to comprehend the legal process.

Under these circumstances, the Court concludes that Defendant should be required to undergo a psychiatric or psychological examination to determine his competency to stand trial or, perhaps more importantly, to determine his competency to represent himself at the time of trial. The Government asks that for purposes of this evaluation, Defendant be committed to the custody of the Attorney General for placement in a suitable facility for a period not to exceed 30 days. The Court concludes, however, that the psychiatric or psychological examination may be conducted on an outpatient basis by a licensed or certified psychiatrist or psychologist of the Government's choosing. If necessary, the Government may designate more than one examiner.

## ORDER

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 4241(a) and (b), and 4247(b) and (c), as follows:

1. A psychiatric or psychological examination of the Defendant shall be conducted on an outpatient basis by a licensed or certified psychiatrist or psychologist of the Government's choosing.

2. Defendant shall cooperate fully in the examination and shall report on the date and time designated for that purpose.

3. A psychiatric or psychological report shall be filed with the court, with copies provided to Defendant, Defendant's standby counsel, and to the attorney for the Government, which shall include the following:

    a. The Defendant's history and present symptoms.

    b. A description of the psychiatric, psychological, and medical tests that were employed and the results.

    c. The examiner's findings.

d. The examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

DATED this 6th day of January, 2009.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA